Common Pleas Court of Hamilton County.

JOSEPH E. BELL, JR., ADMR. V. ALBERT J. LUCHTE, ET AL.

Decided May 2, 1933.

*Ferd Bader, Jr.,* for plaintiff.

*Harry Neal Smith,* and *William P. Hohman,* for defendants.

ALFRED MACK, J.

In this action plaintiff seeks to recover for the death of his decedent by reason of a motorcycle, on which decedent was riding on Sherman avenue, in the city of Norwood, striking a coal pile, between dark and before sunrise.

It is alleged that defendant "unlawfully, wrongfully and negligently caused said public highway to be obstructed with coal without warning or signal to others rightfully upon said highway," and without placing thereon lights, as required by an ordinance of the city of Norwood. Said ordinance provides that—

"Any person who shall occupy or cause to be occupied any portion of any street or avenue or public way with any construction, shall cause two lights to be securely and safely fastened in or near the space so occupied and shall keep such lights burning during the entire night."

At the conclusion of the case the court directed a verdict

for the Coal Company, which delivered the coal, on the ground that the purchaser of the coal had accepted and receipted for the coal, and had directed the placing of the coal in said street, and that said work had been entirely completed prior to the occurrence of the accident in question; the court stating that under such circumstances it became the duty of the purchaser to place such lights upon the coal pile.

A motion for a new trial having been filed and argued, the court, on further consideration, is of the opinion that it erred in directing a verdict for defendants.

It is well established law in this state that where danger to others is likely to attend the doing of certain work unless care is observed, the person having it to do is under a duty to guard against such consequences, and that the person for whom the work is done cannot relieve himself from liability by the employment of an independent contractor. Not only is such independent contractor liable, but the owner also is liable. *Covington & Cincinnati Bridge Co.* v. *Patrick*, 61 O. S., 215; *Warden* v. *Pennsylvania R. R. Co.*, 123 O. S., 304.

In 22 R. C. L., page 134, it is stated:

"The general rule is that whoever does a wrongful act is answerable for the consequences that may ensue in the ordinary course of events, though such consequences are immediately and directly brought about by an intervening cause, if such intervening cause was set in motion by the original wrongdoer, or was in reality only a condition on or through which the negligent act operated to produce the injurious result."

This is quoted with approval in the opinion of the Supreme Court in *Mouse* v. *Savings & Trust Co.*, 120 O. S., 599, at 605, per Allen, J.

In Thompson on Negligence, Vol. 1, Section 686, the general rule is stated that after the contractor has turned the work over and it has been accepted by the proprietor, the contractor incurs no further liability to third parties, by reason of the condition of the work. But this rule is subject to the qualifications that where the work is a nuisance *per se,* or where it is turned over by the contractor in a manner so negligently defective as to be imminently

dangerous to third persons, the contractor still remains liable.

In the opinion of the court the placing of coal or other obstructions in a public highway during darkness may be imminently dangerous to third persons and likely to result in danger to such third persons unless precautions are taken. Under such circumstances it is the opinion of the court that the person placing such coal in a public highway during darkness cannot absolve himself from liability for the consequences thereof unless he takes necessary precautions to avoid danger to third persons. Nor in the opinion of the court is the rule changed because the ordinance of the city of Norwood might also properly be construed to place upon the owner of the premises, who accepted such coal and ordered it placed in the public streets, the duty of placing lights thereon. The jury should have been permitted to determine whether the act was so imminently dangerous as to put upon the coal company the duty of providing some warning or protection to users of the highway. See *Coal Co.* v. *Bartelheim,* 122 O. S. 374 at 378.

For the reasons indicated the motion for a new trial will be granted.